Kristin L. Martin (Nevada Bar No. 7807)
Sarah Varela (Nevada Bar No. 12886)
McCRACKEN, STEMERMAN & HOLSBERRY
1630 Commerce Street, Suite A-1
Las Vegas, Nevada 89102
Tel:   (702) 386-5107
Fax:  (702) 386-9848
Email: klm@dcbsf.com
          svarela@dcbsf.com

*Attorneys for Defendants Culinary Workers Union Local 226*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LISA NIGRELLI, an individual,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>VICTORIA PARTNERS d/b/a MONTE CARLO RESORT AND CASINO, as the employer; CULINARY WORKERS UNION, LOCAL 226; and DOES 1-50, inclusive,<br><br>　　　　　Defendants. | CASE NO. 2:15-cv-01840-GMN-NJK<br><br>**LOCAL 226's MOTION TO STRIKE DECLARATION OF LISA NIGRELLI; OBJECTIONS TO THE DECLARATION OF LISA NIGRELLI; AND OBJECTIONS TO EXHIBIT 4 TO NIGRELLI'S OPPOSITION TO LOCAL 226's MOTION FOR SUMMARY JUDGMENT** |

　　　Culinary Workers Union Local 226 moves to strike the Declaration of Lisa Nigrelli; and objects to specific paragraphs of that Declaration as set forth below:

**A.  Nigrelli's declaration is inadmissible because it is not signed under penalty of perjury.**

　　　Nigrelli's declaration begins with the sentence, "I, Lisa Nigrelli, being first duly sworn upon my oath, state as follows," but there is no indication in the declaration that a notary public actually put

1

**MOTION TO STRIKE DECLARATION OF LISA NIGRELLI**　　　　　　　　　**2:15-cv-01840-GMN-NJK**

Nigrelli under an oath to tell the truth.[1]  In the summary judgment context, a declaration may replace a sworn affidavit only if it includes a statement in "substantially the following form: ... 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.'"  28 U.S.C. § 1746; *Barroca v. Santa Rita Jail*, 2006 WL 571355, at *4 (N.D. Cal. Mar. 3, 2006).  Nigrelli's declaration concludes with the statement, "I declare that the foregoing is true and correct" but there is no statement that such declaration is made under "penalty of perjury."  The clause "under penalty of perjury" is an essential requirement of Section 1746.  *Schroeder v. McDonald*, 55 F.3d 454, 460 n.10 (9th Cir. 1995); *Kersting v. United States*, 865 F. Supp. 669, 676 (D. Haw. 1994).  Since Nigrelli failed to make her declaration under penalty of perjury, the Court should strike it from the record.

**B.    Nigrelli's declaration and affidavit to the NLRB contain material that cannot be presented to the Court in an admissible form.**

Pursuant to Federal Rule of Civil Procedure 56(c)(2), Local 226 objects to paragraphs 17, 22, 27, 36, 48, 49, 52-56, 58, 61-64, and 68-71 of Nigrelli's Declaration.  The sentences in paragraphs 17, 22, 27, 36 and 70-71 also appear in Nigrelli's affidavit to the NLRB (Exhibit 4 to Nigrelli's Opposition), so Local 226 objects to them on the same basis.[2]  As set forth below, the objected-to statements do not comply with Rule 56(c)(4)'s requirement that "an affidavit of declaration used to . . . oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

|   | Objection | Ruling |
|---|-----------|--------|
| 1 | **Material Objected to:**  ¶ 17 ("Beverage Manager Dow did not go by the contract which eliminated 16 shifts and added shifts for us to bid on.  In addition, he changed our shifts 3 hours instead of 2 hours.  For example, my regular scheduled was 5:00 p.m. to 1:00 a.m. but he changed it from | Sustained: __<br><br>Overruled: __ |

---

[1] It is likely that Nigrelli simply copied that sentence from the affidavit that she gave to Region 28 of the National Labor Relations Board because the documents are substantially similar.  The NLRB affidavit (which is Exhibit 4 to Nigrelli's Opposition to Local 226's Motion for Summary Judgment) begins with the same sentence, and paragraphs 1 to 46 and 70 to 72 of Nigrelli's Declaration repeat sentences in the NLRB affidavit.

[2] Paragraphs 48-49, 52-56, 58, 61-64 and 68-69 do not appear in the NLRB affidavit.

| | | |
|---|---|---|
| 1 | 8:00 p.m. to 4:00 a.m. which was a violation of the contract."); Exhibit 4, at 2:7-10.  **Grounds for Objection:** FRE 602, 701.  The assertions that "Dow did not go by the contract" and a change "was a violation of the contract" lack foundation and are legal conclusions about which Nigrelli is not competent to testify. | |
| 2 | **Material Objected to:** ¶ 22 ("Lucy, Angela and I were present and Beverage Manager Nick and HR Rep Dake were present for the hotel. They had me scheduled from 7:00 p.m. to 3:00 a.m. which was wrong, although he was told repeatedly to keep me at 5:00 p.m. to 1:00 a.m."); Exhibit 4, at 2:20-22.  **Grounds for Objection:**  FRE 602, 701.  The assertion "which was wrong" lacks foundation and is a legal conclusion about which Nigrelli is not competent to testify. | Sustained: __  Overruled: __ |
| 3 | **Material Objected to:** ¶ 27 ("They just looked at me and I walked out. Samson participated in all 8 meetings but Leonel only participated in approximately 3 meetings so they had knowledge of my situation."); Exhibit 4, at 3:4-6.  **Grounds for Objection:**  FRE 602.  The assertion that Samson and Leonel "had knowledge of my situation" lacks foundation. | Sustained: __  Overruled: __ |
| 4 | **Material Objected to:** ¶ 36 ("Nick admitted that he covered all names up and did not do the schedule according to seniority."); Exhibit 4, at 3:26-27.  **Grounds for Objection:**  FRE 802.  The statement is hearsay offered for the truth of the matter and not within any exception. | Sustained: __  Overruled: __ |
| 5 | **Material Objected to:**  ¶ 48 ("I don't believe that Union in-house counsel McCracken understands the nature of my grievance.").  **Grounds for Objection:**  FRE 402, 602.  The assertion about what McCracken understood lacks foundation.  Nigrelli's belief about what McCracken understood is irrelevant. | Sustained: __  Overruled: __ |
| 6 | **Material Objected to:**  ¶ 49 ("As a result I believe Dyer was misinformed in pursuing my grievance.").  **Grounds for Objection:**  FRE 402, 602.  The assertion that Dyer was misinformed lacks foundation.  Nigrelli's belief about whether Dyer was misinformed is irrelevant. | Sustained: __  Overruled: __ |

3

**MOTION TO STRIKE DECLARATION OF LISA NIGRELLI**        **2:15-cv-01840-GMN-NJK**

| # | | Ruling |
|---|---|---|
| 7 | **Material Objected to:** ¶ 52 ("McCracken was fundamentally mistaken with respect to the nature of my rather modest request."). <br><br> **Grounds for Objection:** FRE 402, 602. The assertion about that McCracken was mistaken lacks foundation. Nigrelli's belief about that McCracken was mistaken is irrelevant. | Sustained: __ <br><br> Overruled: __ |
| 8 | **Material Objected to:** ¶ 53 ("McCracken makes this statement on the erroneous presumption that what I am asking for is to demand that Monte Carlo open Pit 3 at 5 pm. Instead of Pit 1."). <br><br> **Grounds for Objection:** FRE 602. The assertion about what McCracken presumed lacks foundation. | Sustained: __ <br><br> Overruled: __ |
| 9 | **Material Objected to:** ¶ 54 ("The fact is that Pit 3 is open all the time, that is, 24 hours a day; 7 days a week."). <br><br> **Grounds for Objection:** FRE 602. This assertion lacks foundation. | Sustained: __ <br><br> Overruled: __ |
| 10 | **Material Objected to:** ¶ 55 ("It is already open at 5PM."). <br><br> **Grounds for Objection:** FRE 602. This assertion lacks foundation. | Sustained: __ <br><br> Overruled: __ |
| 11 | **Material Objected to:** ¶ 56 ("McCracken fundamentally miscomprehends and misconstrues or misrepresents what I am requesting."). <br><br> **Grounds for Objection:** The assertion about what McCracken "miscomprehends and misconstrues or misrepresents" lacks foundation. | Sustained: __ <br><br> Overruled: __ |
| 12 | **Material Objected to:** ¶ 58 ("They are both always open."). <br><br> **Grounds for Objection:** FRE 602. This assertion lacks foundation. | Sustained: __ <br><br> Overruled: __ |
| 13 | **Material Objected to:** ¶ 61 ("McCracken, as late as his penning of the affidavit supporting Union's MSJ, still doesn't understand the basic facts and circumstances surrounding my grievance."). <br><br> **Grounds for Objection:** The assertion about what McCracken understands lacks foundation. | Sustained: __ <br><br> Overruled: __ |
| 14 | **Material Objected to:** ¶ 62 ("His review was premised on an erroneous belief that I had demanded that Monte Carlo open a pit and exchange shifts between her and Dana. This is simply wrong."). | Sustained: __ <br><br> Overruled: __ |

**MOTION TO STRIKE DECLARATION OF LISA NIGRELLI**     2:15-cv-01840-GMN-NJK

| | | |
|---|---|---|
| | **Grounds for Objection:** The assertion about what McCracken believed lacks foundation. | |
| 15 | **Material Objected to:** ¶ 63 ("On the new schedule at issue, Dan Wagner is a relief cocktail waitress. She works 6pm-2:00am on Sunday at Pit 4."). <br><br>**Grounds for Objection:** FRE 602. The assertion about when Wagner works lacks foundation. | Sustained: __ <br><br> Overruled: __ |
| 16 | **Material Objected to:** ¶ 64 ("Prior to this schedule/shift change she worked from 8:00pm-4:00am. The main employee on that station works 8:00pm-4:00am."). <br><br>**Grounds for Objection:** FRE 602. The assertions about when Wagner workers and when the "main employee on the station" works lack foundation. | Sustained: __ <br><br> Overruled: __ |
| 17 | **Material Objected to:** ¶ 68 ("She was going to be changed 7pm-3am."). <br><br>**Grounds for Objection:** FRE 602. This assertion lacks foundation. | Sustained: __ <br><br> Overruled: __ |
| 18 | **Material Objected to:** ¶ 69 ("In that instance based on seniority, Kabetso opted to keep her on her usual hours of 5pm-1am, thus applying an arbitrary standard unfairly affecting me."). <br><br>**Grounds for Objection:** FRE 602. This assertion lacks foundation. | Sustained: __ <br><br> Overruled: __ |
| 19 | **Material Objected to:** ¶ 70 ("I strongly feel that the Union has violated its duty of fair representation by representing me and failing to resolve my grievance. Grievance Specialist Esther Dyer has not thoroughly investigated my grievance but allowed it to be unresolved since April 14, 2015."); Exhibit 4, at 4:20-22. <br><br>**Grounds for Objection:** FRE 402, 602, 701. Nigrelli's believe that the Union has violated its duty of fair representation is irrelevant. The assertion that the Union has violated its duty of fair representation lacks foundation and is a legal conclusion about which Nigrelli is not competent to testify. The assertion that Dyer failed to investigate Nigrelli's grievance lacks foundation. | Sustained: __ <br><br> Overruled: __ |
| 20 | **Material Objected to:** ¶ 71 ("The union organizers have attempted to threaten me about my husband, my benefits, and membership in order for me to let this go."); Exhibit 4, at 4:22-24. | Sustained: __ <br><br> Overruled: __ |

**MOTION TO STRIKE DECLARATION OF LISA NIGRELLI**            2:15-cv-01840-GMN-NJK

**Grounds for Objection:** FRE 602. The assertions that union organizers attempted to threaten Nigrelli for the purpose of causing Nigrelli "to let this go" lack foundation.

Dated: July 26, 2016					McCRACKEN, STEMERMAN & HOLSBERRY

						*/s/ Kristin L. Martin*
						Kristin L. Martin
						*Attorneys for Defendant Culinary Workers Union Local 226*

# CERTIFICATE OF SERVICE

I am employed in the city and county of San Francisco, State of California. I am over the age of eighteen years and not a party to the within action; my business address is: McCRACKEN, STEMERMAN & HOLSBERRY, 595 Market Street, Suite 800, San Francisco, California 94105.

On this 26th day of July, 2016, I caused to be served a true and correct copy of the above and foregoing:

- **LOCAL 226's MOTION TO STRIKE DECLARATION OF LISA NIGRELLI; OBJECTIONS TO THE DECLARATION OF LISA NIGRELLI; AND OBJECTIONS TO EXHIBIT 4 TO NIGRELLI'S OPPOSITION TO LOCAL 226's MOTION FOR SUMMARY JUDGMENT**

via ECF filing, properly addressed to the following:

Frederick A. Santacroce  
SANTACROCE LAW OFFICES, LTD.  
3275 S. Jones Blvd. Ste. 104  
Las Vegas, Nevada 89146  
fasatty@yahoo.com

*Attorneys for Plaintiff Nigrelli*

Paul T. Trimmer  
JACKSON LEWIS P.C.  
3800 Howard Hughes Pkwy., Ste. 600  
Las Vegas, NV 89169  
trimmerp@jacksonlewis.com

*Attorneys for Defendants Victoria Partners d/b/a Monte Carlo Resort and Casino*

Antony M. Santos  
A.M. SANTOS LAW, CHTD.  
3275 S. Jones Blvd. Ste. 104  
Las Vegas, Nevada  89146

*Attorneys for Plaintiff Nigrelli*

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 26th day of July, 2016 at San Francisco, California.

                                                     */s/ Suzanne Scanlon*  
                                                     Suzanne Scanlon